PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| COREY BONDS, | ) | |
| | ) | CASE NO. 4:19CV967 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OFFICER LONG, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Corey Bonds is a federal prisoner currently incarcerated in Fort Dix, New Jersey. He filed this *in forma pauperis* civil action in the District of New Jersey in 2018, seeking relief against the United States under the Federal Tort Claims Act ("FTCA"). [ECF No. 1](). After he filed an Amended Complaint ([ECF No. 4]()) seeking relief against federal employees at FCI Elkton under [*Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971)](), the District Court for the District of New Jersey transferred the action to the Northern District of Ohio, Eastern Division. *See* [ECF No. 5 at PageID #: 81]().

In his Amended Complaint, Plaintiff claims he was sexually assaulted and harassed by prison officers. He contends that these actions entitle him to damages against FCI Elkton Warden Steven Merlak, Corrections Officer Long, and Lieutenant ("Lt.") Carter. For the reasons that follow, the Court dismisses Plaintiff's claims against all Defendants.

## I. Background

Plaintiff alleges that on February 22, 2017, in the "chow hall," Officer Long walked up to

(4:19CV967)

him from behind, grabbed his buttocks, and walked away. ECF No. 4 at PageID #: 33. Two days later, Officer Long again walked up behind Plaintiff and pulled Plaintiff, by his pants, toward Long until Plaintiff felt Officer Long's genitals against him. *Id*. The next day, Officer Long walked up behind Plaintiff and told the Plaintiff he would "miss him" when he was gone. *Id*. at PageID #: 33-34. Plaintiff, fearing for his safety, filed a complaint with the Department of Justice. *Id*. at PageID #: 34.

On March 2, 2017, Plaintiff reported Officer Long's conduct to "Psychology." *Id.* His complaint was forwarded from Psychology to Special Investigative Services for further investigation. *Id.* Plaintiff told a lieutenant he feared for his life and he did not want to remain on the compound. *Id.* He was then placed in the Special Housing Unit. *Id.* at PageID #: 35.

On March 7, 2017, Lt. Carter allegedly "cursed out" Plaintiff for making allegations against Officer Long and gave Plaintiff two "shots" in retaliation for filing grievances. *Id.* Plaintiff claims Lt. Carter continued to verbally harass him. *Id.* Plaintiff alleges he now suffers from anxiety and depression and has been put on medication. *Id.* at PageID #: 35-36.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

2

(4:19CV967)

Furthermore, 28 U.S.C. § 1915A requires a district court to dismiss similar complaints in which prisoners seek redress from governmental entities, officers, and employees. *See Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010)*.

### III.  Analysis

Plaintiff alleges claims against Defendants, in their official and individual capacities, under *Bivens*.  He avers that Officer Long sexually assaulted him, and that Lt. Carter then harassed him.  He also claims Defendants violated his due process rights and subjected him to cruel and unusual punishment by failing to protect him from harassment and sexual assault.

As an initial matter, federal officials sued in their official capacity are shielded by sovereign immunity from *Bivens* actions, absent an explicit waiver of that immunity. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 435 (D.N.J. 2018); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).  Accordingly, Plaintiff's claims against Defendants in their official capacity are barred.

Moreover, Plaintiff has failed to allege any facts showing that Warden Merlak was personally involved in any alleged violation of his constitutional rights.  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Plaintiff pleads that "[t]he warden falls below the standards in his supervisory capacity" and "the Warden [is] implemented in this civil action for poor training of [his] employees" (ECF No. 4 at PageID #: 32, 37) but alleges no facts in support of these assertions.  Plaintiff's claims against Warden Merlak therefore fail.

3

(4:19CV967)

Plaintiff alleges that Lt. Carter "cursed [him] out . . . for making allegations against Officer Long[,]" harassed him, and "gave [him] two (2) shots in retaliation for writing up Defendant [Long]."). ECF No. 4 at PageID #: 35. But, verbal abuse or harassment by prison officials towards an inmate, without more, does not constitute a violation of the Eighth Amendment. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Moreover, Plaintiff fails to plead any harm plausibly resulting from Lt. Carter's alleged failure to protect him from Officer Long's sexual assault. Without doing so, he cannot maintain a *Bivens* claim for failure to protect. *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) ("To state a claim for damages against a prison official for failure to protect . . . the official's deliberate indifference [must cause] him harm.") (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Finally, Plaintiff's allegation that Lt. Carter "gave [him] two (2) shots[,]" standing alone, does not provide the requisite detail for the Court to find a plausible claim for relief under *Bivens*.

Remaining is Plaintiff's sexual assault claim against Officer Long. This claim meaningfully differs from the three prior contexts in which the Supreme Court has recognized a damages claim under *Bivens*. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017). Further, alternative remedial structures, including the Bureau of Prison's administrative remedy process and the Federal Tort Claims Act, exist to address the wrongful conduct Plaintiff alleges. *See Jacobs v. Alam*, 915 F.3d 1028, 1035-36 (6th Cir. 2019) ("A *Bivens* remedy is available only if (1) there are no alternative, existing processes for protecting a constitutional interest and, (2) even in the absence of an alternative, there are no special factors counselling hesitation before authorizing a new kind of federal litigation.") (citing *Haines v. Fed. Motor Carrier Safety*

(4:19CV967)

*Admin*., 814 F.3d 417, 431 (6th Cir. 2016). Accordingly, implying a *Bivens* remedy in the context of Plaintiff's alleged sexual assault claim against Officer Long is unwarranted under *Ziglar*.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   August 30, 2019                                  */s/ Benita Y. Pearson*
Date                                                    Benita Y. Pearson
                                                         United States District Judge